**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-61339-STRAUSS**

**TAMEKA LANAY JONES,**

      Plaintiff,

v.

**MEMORIAL HEALTH SYSTEM,**

      Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING AMENDED COMPLAINT

THIS MATTER came before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3] (the "IFP Motion"). For the reasons described below, the IFP Motion is **GRANTED**. However, the Court will require Plaintiff to file an amended complaint no later than **May 28, 2026**, because the Complaint, upon initial screening, fails to state a claim upon which relief could be granted.

## BACKGROUND

On May 4, 2026, Plaintiff filed her Complaint. [DE 1]. Plaintiff alleges in the Complaint, "I was discriminated against and subject to retaliation after filing a complaint in violation of Title VII of the Civil Rights Act." *Id.* at 4. Plaintiff further alleges that, on January 13, 2023, she received correspondence from "Respondent"[1] in the mail. *Id.* The correspondence stated that another employee, whom Plaintiff identifies as "Mr. Moreau," unlawfully went through Plaintiff's "personal information (PHI)." *Id.* Plaintiff next alleges that she raised concerns about privacy and about her personal information (like her income tax status) being disclosed or changed unwillingly.

---

[1] The Court presumes that "Respondent" is Defendant and refers to it as such.

*Id.* Plaintiff states that Defendant eventually terminated Plaintiff on April 16, 2025. *Id.* According to Plaintiff, she had received very positive reviews and performance ratings. *Id.* In the process of terminating Plaintiff, she alleges that Defendant did not follow its own disciplinary policies. *Id.*

Plaintiff's IFP Motion was filed the same day as the Complaint. [DE 3]. Although the IFP Motion is conflicting at times, it indicates Plaintiff has been unemployed since April 2025. *Id.* at 2, 5. The only money Plaintiff currently has is the money from her tax return. *See id.* at 5. She has $110 in a checking and savings account and $140 in a savings account, but these amounts are decreasing based on paying for necessities. *Id.* at 2, 5. It does not appear that Plaintiff is receiving money from other sources. *See id.* at 1-2. She owns a 2006 Chevrolet Malibu. *Id.* at 3. In terms of expenses and liabilities, Plaintiff pays for, among other things, rent ($925 per month), utilities (around $120 per month), food (around $100 to $150 per month), and laundry (around $20 to $25 per month). *Id.* at 4. Plaintiff does not expect her monthly income or expenses to change in the next year. *Id.* at 5.

## ANALYSIS

### I.        PLAINTIFF MAY PROCEED WITHOUT PREPAYING FEES OR COSTS

In the IFP Motion, Plaintiff seeks to proceed without prepaying fees and costs. *See* [DE 3] at 1. Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). The granting of a motion to proceed *in forma pauperis* is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Raftery v. Vt. Student Assistance Corp.*, 2016 WL 11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d

1305, 1307 (11th Cir. 2004)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. A plaintiff, however, need not be "absolutely destitute." *Id.* Accordingly, a court must compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014).

Here, Plaintiff has satisfied the poverty requirement because it does not appear that she would be able to pay for her necessities while also paying court fees and costs. Plaintiff is currently unemployed, has little money in her bank accounts, and has monthly expenses that appear to exceed her monthly income. Plaintiff also does not expect her financial situation to change dramatically in the next year. The fact that Plaintiff owns a 20-year-old car does not change the result. Therefore, although the IFP Motion is unclear at various points, the Court finds that (based on what can be discerned) Plaintiff has established the poverty requirement. Plaintiff may proceed *in forma pauperis* in this action.

## II.     PLAINTIFF MUST FILE AN AMENDED COMPLAINT

Although the Court will allow Plaintiff to proceed without prepaying fees and costs, Plaintiff must file an amended complaint. The screening provisions of 28 U.S.C. § 1915(e) apply here since Plaintiff has sought leave to proceed *in forma pauperis*. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As discussed below, Plaintiff's Complaint [DE 1] is subject to dismissal for multiple reasons. However, rather than dismissing Plaintiff's Complaint now, the Court will provide Plaintiff an opportunity to file

3

an amended complaint to see if Plaintiff can rectify the deficiencies with the current Complaint. Failure to rectify the issues outlined below may result in dismissal without any further opportunity to amend the Complaint.

Generally, in preparing her amended complaint, Plaintiff should ensure that she complies with all applicable rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.[2] In accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, *pro se* litigants are required to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

Plaintiff's Complaint is deficient in multiple ways. First, an amended complaint is necessary because the current one is a "shotgun pleading." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). As stated earlier, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10(b) requires that "[a] party . . . state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A few types of shotgun pleadings exist, but "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. One type of shotgun pleading occurs when the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Another type occurs when the complaint fails to separate each cause of action or claim for relief into different counts. *Id.* at 1323.

Plaintiff's Complaint is a shotgun pleading. First, it does not contain consistently numbered paragraphs with "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Second, the entire Complaint is vague and conclusory. Plaintiff alleges that she was retaliated against "after filing a complaint in violation of Title VII of the Civil Rights Act." [DE 1] at 4. But this allegation and the others in the Complaint make it unclear whether Plaintiff is alleging that she experienced retaliation (1) because she filed a complaint in a court of law premised on Title VII, (2) because she complained about privacy issues and issues related to the disclosure of other personal information, or (3) because of something else (as she was terminated over two years after receiving the correspondence stating that another employee unlawfully went through her

personal information). Third, to the extent Plaintiff is trying to assert multiple causes of action, she has not separated these causes of action into any counts, much less separate ones. Specifically, Plaintiff makes passing refences not only to "retaliation" but also to "disparate treatment." *Id.* at 4. If Plaintiff is seeking to assert separate claims for disparate treatment and retaliation, she must separate them into distinct counts. Together, these deficiencies would leave Defendant unable to frame a responsive pleading.

Relatedly, to the extent that Plaintiff is bringing claims for both retaliation and disparate treatment under Title VII, the Complaint fails to state a claim. One initial problem for *any* Title VII claim is that Plaintiff failed to allege she exhausted her administrative remedies by filing a timely charge with the U.S. Equal Employment Opportunity Commission ("EEOC") and/or the Florida Commission on Human Relations ("FCHR"). *See H&R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) (citation omitted). The filing of a charge is a condition precedent to suit that Plaintiff must allege. *See* Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.").

Furthermore, to state a claim for retaliation under Title VII, Plaintiff must plausibly allege: "(1) that she engaged in an activity protected under Title VII; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013) (citation omitted). The vague and conclusory nature of Plaintiff's Complaint makes it unclear whether Plaintiff engaged in an activity that would be protected under Title VII. It also prevents the Court from assessing whether Plaintiff plausibly alleged that any protected activity was the cause of her termination or any other materially adverse action.

In addition, "[a] Title VII 'disparate treatment' claim requires evidence of 'intentional discrimination.'" *McGriff v. Se. Grocers, Inc.*, No. 22-CV-691, 2023 WL 12172035, at *3 (M.D. Fla. Oct. 20, 2023) (quoting *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1313 (11th Cir. 1994)). So a plaintiff bringing a disparate treatment claim must plead facts that "plausibly suggest that the plaintiff suffered an adverse employment action due to intentional . . . discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (addressing race discrimination under Title VII). "However, Title VII only protects against discrimination based on race, color, religion, sex, or national origin." *Acosta v. Mayorkas*, No. 22-61533-CIV, 2024 WL 1741083, at *1 (S.D. Fla. Apr. 23, 2024) (citing 42 U.S.C. § 2000e-2(a)(1)). Yet Plaintiff makes no effort to detail what protected class she is part of and how Defendant discriminated against her because of her membership in that class.

In sum, Plaintiff must, at the very minimum, do the following things in any amended complaint: (1) separate allegations into numbered paragraphs; (2) separate claims into different counts; and (3) provide supporting factual allegations to support legal conclusions such that the factual content raises a plausible inference that Defendant is liable. These highlighted issues are only intended to provide some guidance to Plaintiff; they are not necessarily an exhaustive list of all the deficiencies with Plaintiff's Complaint. Because of the Complaint's deficiencies, the Court will require Plaintiff to file an amended complaint. Plaintiff must rectify any deficiencies with her Complaint, including those outlined above.

**<u>CONCLUSION</u>**

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Plaintiff's IFP Motion [DE 3] is **GRANTED**. Plaintiff may proceed *in forma pauperis*.

7

2.      No later than **May 28, 2026**, Plaintiff shall file an amended complaint in accordance with this Order (i.e., an amended complaint that rectifies the deficiencies with Plaintiff's current complaint). Failure to do so may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of May 2026.

Jared M. Strauss
United States Magistrate Judge