UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-61339-STRAUSS

TOMEKA LANAY JONES,

     Plaintiff,

v.

MEMORIAL HEALTHCARE
SYSTEM/BROWARD HOSPITAL
DISTRICT,

     Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS MATTER** comes before the Court on Plaintiff's Amended Complaint [DE 10]. Having reviewed the Amended Complaint in accordance with 28 U.S.C. § 1915(e), for the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED** without prejudice and that any pending motions be **DENIED** as moot.

## BACKGROUND

On May 4, 2026, Plaintiff filed her Complaint. [DE 1]. The same day, Plaintiff filed a motion to proceed *in forma pauperis*. [DE 3]. The filing of the motion to proceed *in forma pauperis*

---

[1] This case was directly assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. On March 5, 2026, I ordered Plaintiff to either file a notice of consent to Magistrate Judge jurisdiction or a motion for case reassignment to a District Judge. [DE 5]. After Plaintiff failed to respond to that order, I issued an order to show cause. [DE 8]. Plaintiff filed a response to the order to show cause, [DE 9], on the same day she filed her Amended Complaint. I construed Plaintiff's response to my order to show cause as a motion for reassignment to a District Judge of this Court. Consequently, I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge. However, because I conclude from my review of the Amended Complaint that it should be dismissed, I concomitantly enter this Report and Recommendation for the newly assigned District Judge's consideration.

triggered this Court's obligations to screen the Complaint under 28 U.S.C. § 1915(e). *See* [DE 6] at 3. Although I granted Plaintiff's motion to proceed *in forma pauperis*, I required Plaintiff to file an amended complaint because the Complaint, upon initial screening, failed to state a claim on which relief could be granted. *Id.* at 7-8. Specifically, I explained that the Complaint was a shotgun pleading and, to the extent the Court could identify that Plaintiff was bringing claims for employment-related discrimination and retaliation, that it failed to state a claim. *Id.* at 3-7.

Plaintiff filed her Amended Complaint on May 27, 2026. [DE 10]. In the Amended Complaint, Plaintiff alleges that she was employed by Defendant from around December 2022 to April 2025. [DE 10] ¶ 7. In January 2023, Defendant had notified Plaintiff that "another employee (Wesbert Moreau) had accessed Plaintiffs [sic] Protected Health Information (PHI) without authorization." *Id.* ¶ 9. At some point, Plaintiff reported privacy concerns to management and Human Resources ("HR") personnel. *Id.* ¶ 10. Over two years later, around February 2025, "Plaintiff reported concerns regarding the conduct of Plaintiffs [sic] Supervisor (Melinda Hernandez) to the Supervisors [sic] superior (Lisa Jones)." *Id.* ¶ 11. Plaintiff alleges that "[i]n the month following Plaintiffs [sic] report, Defendant initiated disciplinary action against Plaintiff, alleging a policy violation." *Id.* ¶ 13. Plaintiff avers being subjected to "escalating discipline, including coaching and corrective action." *Id.* ¶ 15. Plaintiff elsewhere avers that she "was subjected to materially different and adverse working conditions" in a particular "ring group" and that Defendant refused her requests for transfer or reassignment out of that group. *Id.* ¶¶ 18-20. According to Plaintiff, Defendant increased adverse actions against her "[s]hortly after Plaintiffs [sic] Complaints and transfer requests." *Id.* ¶ 20. Defendant ultimately terminated Plaintiff in April 2025. *Id.* ¶¶ 16, 20.

Plaintiff now brings claims for retaliation and discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA"). *See id.* at 2-3. Because the Amended Complaint likewise fails to state a claim, I recommend that the case be dismissed without prejudice.

**<u>ANALYSIS</u>**

Under the screening provisions of § 1915(e), Plaintiff's Amended Complaint is subject to dismissal. For starters, although the Amended Complaint is an improvement from the Complaint, it is still a shotgun pleading. It reincorporates all the allegations for Count I into Count II and is loaded with vague, conclusory allegations. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (explaining four main types of shotgun pleadings, including those that "contain[] multiple counts where each count adopts the allegations of all preceding counts" and those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"). The reincorporation of Count I into Count II makes it unclear which allegations Plaintiff believes constitute retaliation and which allegations she believes constitute intentional discrimination. The allegations are also incredibly vague and—as it relates to unauthorized access of Plaintiff's private information—at points irrelevant.

The vague nature of the Amended Complaint's allegations also prevents Plaintiff from being able to state a claim for either retaliation or intentional discrimination. To state a claim for retaliation under Title VII, Plaintiff must plausibly allege: "(1) that she engaged in an activity protected under Title VII; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013) (citation omitted). Plaintiff alleges that she engaged in statutorily protected activity "by reporting workplace misconduct and raising concerns regarding privacy and

supervisor conduct." [DE 10] ¶ 22. But these allegations are far too vague to state a plausible claim. To be sure, opposing practices made unlawful by Title VII is a protected activity. *See Boyland v. Corr. Corp. of Am.*, 390 F. App'x 973, 975 (11th Cir. 2010) (citing *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1350 (11th Cir. 1999)). However, an internal complaint about unequal treatment (or any other employment act) that does not include allegations of discrimination *based on a protected status* cannot be considered protected activity. *See Coutu v. Martin Cnty. Bd. of Cnty. Com'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) ("Unfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice under Title VII."); *Suber v. Lowes Home Ctrs.*, 845 F. App'x 899, 900 (11th Cir. 2021) (per curiam) (affirming summary judgment for employer because employee could not show they engaged in protected activity by pointing to informal email that did not allege discrimination on a protected basis). "Title VII only protects against discrimination based on race, color, religion, sex, or national origin." *Acosta v. Mayorkas*, No. 22-61533-CIV, 2024 WL 1741083, at *1 (S.D. Fla. Apr. 23, 2024) (citing 42 U.S.C. § 2000e-2(a)(1)). Here, however, Plaintiff does not allege what protected class under Title VII she is even a member of, much less that she opposed unlawful acts by Defendant based on that membership.

Plaintiff similarly does not state a claim for intentional discrimination. "A Title VII 'disparate treatment' claim requires evidence of 'intentional discrimination.'" *McGriff v. Se. Grocers, Inc.*, No. 22-CV-691, 2023 WL 12172035, at *3 (M.D. Fla. Oct. 20, 2023) (quoting *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1313 (11th Cir. 1994)). Accordingly, a plaintiff bringing a disparate treatment claim must plead facts that "plausibly suggest that the plaintiff suffered an adverse employment action due to intentional . . . discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (addressing race discrimination under Title

4

VII). Because Plaintiff does not allege how she was discriminated against because of her membership in a class Title VII protects, she cannot state a claim for intentional discrimination.

Plaintiff cannot state a claim under FCRA either because "[c]laims under Title VII and the FCRA are analyzed under the same framework." *Murray v. Learjet, Inc.*, No. 23-60012-CIV, 2024 WL 1723697, at *1 n.1 (S.D. Fla. Jan. 31, 2024) (quoting *Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 82 F.4th 1296, 1300 (11th Cir. 2023)), *aff'd*, No. 24-11189, 2024 WL 4707968 (11th Cir. Nov. 7, 2024).

In sum, the deficiencies in the Amended Complaint favor dismissal without prejudice. The Court does not need to give Plaintiff further leave to amend because she has already been given one chance to amend.  *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend."). Despite this opportunity, Plaintiff has failed to rectify the deficiencies in her allegations.

### **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED** without prejudice and that any pending motions be **DENIED** as moot.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[2]

---

[2] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination

Failure to timely file objections shall bar the parties from a de novo determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 2nd day of June 2026.

Jared M. Strauss
**Jared M. Strauss**
**United States Magistrate Judge**

---

of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.