UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-CV-61339-WPD

TOMEKA LANAY JONES,

      Plaintiff,

v.

MEMORIAL HEALTHCARE
SYSTEM/BROWARD HOSPITAL
DISTRICT,

      Defendant.

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; DISMISSING ACTION

THIS CAUSE is before the Court upon the June 2, 2026 Report and Recommendation of Magistrate Judge Strauss (the "Report") [DE 12]. The Court has conducted a *de novo* review of the Report [DE 12], Plaintiff Tomeka Lanay Jones **("Plaintiff")**'s Objections to Report and Recommendation [DE 14] and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at

783-84; 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and Plaintiff's Objections to Magistrate Judge's Report and Recommendation.

The Court agrees with the Magistrate Judge's conclusions in the Report that this action should be dismissed based on the reasons thoroughly explained stated therein. Plaintiff's objections are overruled. The Magistrate Judge correctly stated that, "[t]he Court does not need to give Plaintiff further leave to amend because she has already been given one chance to amend . . . Despite this opportunity, Plaintiff has failed to rectify the deficiencies in her allegations." [DE 12] p. 6. The Court need not grant Plaintiff perpetual opportunities to attempt to state a claim, particularly when the Court provides Plaintiff with guidance on amendment, which Plaintiff disregarded.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 12] is hereby **APPROVED**;

2. The above-style action is hereby **DISMISSED WITHOUT PREJUDICE;**

3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

4. The Clerk shall email and mail a copy of this Order to the Plaintiff at the addresses below.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of June, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

2

Copies furnished to:
Counsel of record and *pro se* parties
Magistrate Judge Strauss

**Tomeka Lanay Jones**
6410 NW 6 Avenue
Apt 1
Miami, FL 33150
786-386-6520
Email: tomekajones81@gmail.com
PRO SE